THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MANNING LEBENSART, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, September 8, 1932.

*Kopp, Markewich & Null [Harry Kopp* of counsel], for the appellant.

*Thomas C. T. Crain, District Attorney [LeRoy Mandle* of counsel], for the respondent.

PER CURIAM. The defendant was arrested on the 25th day of June, 1932, charged with disorderly conduct upon complaint of one Charles Halper, proprietor of a drug store, in that defendant walked up and down in front of complainant's drug store with a sign stating that the said store did not employ union help; and said defendant did stop and interfere with pedestrians entering and leaving said store telling them there was a strike on in said place.

Upon the trial the complainant testified that he was the owner of the drug store at 1398 St. Nicholas avenue, borough of Manhattan, city of New York, where he employed several clerks; that these clerks were all satisfied with working conditions; that there is no strike and never was one; nor did he know of any drug clerks' union; that the defendant had been picketing his store for about two months carrying this sign; that there had previously been some interference with customers, but on the day of the defendant's arrest the appellant stopped a customer, in the person of one Lorraine Greenberg, who testified that the defendant stopped her while she was entering complainant's store and told her not to go in there as there was a strike inside.

The defendant testified that he is a registered pharmacist and a member of the drug clerks' union, Local 581, which is affiliated with the American Federation of Labor; that his union had declared a strike against complainant's store; that he was assigned to picket the premises; that he had picketed the premises for seven weeks, doing nothing more than walk up and down in front of the premises with a sign that reads: " This store does not employ union help." He denied speaking to the complainant or to the customer.

The magistrate having found the defendant guilty of disorderly conduct, evidently believed beyond a reasonable doubt that the defendant stopped Lorraine Greenberg while she was entering complainant's store, and told her not to go in as there was a strike inside.

While no hard and fast rule can be laid down defining what acts constitute disorderly conduct tending to a breach of the peace, we believe that the stopping of the customer and admonishing her not to enter the premises of the complainant, which she was about to patronize, constituted acts which justified the magistrate in finding that they tended to a breach of the peace. In addition to this admonition, which in our opinion amounted to intimidation

and a threat, we hold that the statement made by the defendant to Lorraine Greenberg, a customer, that there was a strike inside, was a false statement. It has been held by this court in the case of *People* v. *Jenkins* (138 Misc. 498; affd., 255 N. Y. 637) that written false statements contained on placards, or oral false statements made by those that may be otherwise lawfully picketing, constitute disorderly conduct.

A careful reading of the testimony in this case shows that the defendant picketed in front of the complainant's store for a period of approximately two months, and while there was some evidence of interference with customers prior to the 25th day of June, 1932, the day of the arrest, the defendant apparently not content with lawful picketing, did, on the day in question, actually stop and admonish a customer about to enter complainant's place of business, and also with a view, apparently, of inducing her not to enter, make a false statement, which in our opinion justified the magistrate's finding that these acts amounted to intimidation and conduct which tended to a breach of the peace.

Judgment affirmed.

All concur; present, KERNOCHAN, P. J., FETHERSTON and SALOMON, JJ.