THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of SUE SIEGEL, Complainant, *v.* LEON KAYE, Defendant.

City Magistrates' Court of New York, Borough of Manhattan, Twelfth District, November 23, 1937.

*Scandrett, Tuttle & Chalaire [John R. Haigney of counsel]*, for the complainant.

*Samuel Sacher*, for the defendant.

KLAPP, C. M. The defendant was immediately arrested on November 10, 1937, when complainant saw him picketing with a sign in front of her home at 1076 Faile street, in the borough of the Bronx, city of New York, and which sign reads as follows: On one side, " Your neighbor Sue Siegel is a strikebreaker at Davega's. Don't patronize the Davega's store. Labor donated." On the other side: " Employees of Davega's are on strike for decent working conditions. United Retail Employees Union, Local 830, affiliated with the C. I. O." No violence was resorted to, and complainant was not threatened or intimidated, directly or indirectly. She testified she was employed by Davega's for nine years, had joined the union, and continued in her employment after a strike was declared.

Written false statements contained on placards, or oral false statements made by those that may be otherwise lawfully picketing, constitute disorderly conduct. (*People* v. *Jenkins*, 138 Misc. 498; affd., 255 N. Y. 637; *People* v. *Lebensart*, 144 Misc. 671.)

Picketing without a strike is no more unlawful than a strike without picketing. Both are based upon a lawful purpose. Resulting injury is incidental and must be endured.

*Even if the end sought is lawful the means used must be also.* Picketing connotes no evil. (*Exchange Bakery & Restaurant, Inc.,* v. *Rifkin*, 245 N. Y. 250, at p. 263; *People* v. *Phillips*, Id. 401.)

In the case of *Mann* v. *Rainist* (255 N. Y. 307, at p. 318), that learned jurist, Judge CARDOZO, then Chief Judge of the Court of Appeals, writing for the court, ably recites the following: " This is true of declarations that the complainant is a ' scab ' and not a regular union, and that any one dealing with its bakeries will not be buying union bread. Even these statements, however, are in

essence expressions of opinion, dependent, in the main, upon an appraisal of methods and motives, and gaining much of their significance from context and occasion. Standing by themselves, the statements may be unduly broad. Heard or read in the light of the context or in the setting of the occasion, they may wear another aspect. They are then seen to be expressions merely. The opinion may be erroneous, but it does not follow that the defendant will be required to withdraw it under penalty of contempt."

Funk & Wagnalls New Standard Dictionary of the English Language defines " strikebreaker " as " One who takes the place of a workman on strike." Webster's Universal Unabridged Dictionary defines " strikebreaker " as " A worker who takes the place of one who has left work in an effort to force the employer to agree to demands made." To the same effect see also Webster's New International Dictionary. Bouvier and Ballantine's Law Dictionaries furnish us with no definitions of the word " strikebreaker." I was also unable to find anything thereon in Words and Phrases.

In the case of *United States* v. *Taliafarro* (290 Fed. 214) I find the following expression: " It is inconceivable that Congress intended to legalize, especially during periods of intense and bitter feelings, the use of insulting epithets."

It seems to me that a young lady steadily employed for nine years with the same concern who refuses to follow with other fellow-employees who joined a strike is not a strikebreaker. She was not substituting for any other employee who is on strike, and no evidence was adduced that a change was made in the condition of her employment; in other words, whether she was doubling up or assuming new responsibilities, or that her work was different from what it previously had been. Aside from pursuing her regular duties no testimony was introduced by the defendant establishing that she is manifesting any affirmative action whatsoever toward breaking up the strike. The means used herein cannot be countenanced. What appeared on the sign is more than an expression. The sign is misleading and is calculated to injure the complainant. A continuance of defendant's action may tend to a breach of the peace.

I find the defendant guilty, and fine him the sum of five dollars, or in lieu thereof to serve two days in the workhouse.