THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAM JENKINS and Others, Appellants.*

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, December 5, 1930.

*Samuel Markewich,* for the appellants.

*Thomas C. T. Crain, District Attorney* [*G. Hall* of counsel], for the respondent.

PER CURIAM. The specification of disorderly conduct tending to a breach of the public good order and peace charged here in violation of section 722 of the Penal Law (as amd. by Laws of 1924, chap. 476) and sections 1458 and 1459 of the New York City Consolidation Act (Laws of 1882, chap. 410), states that the defendants did on the 30th day of September, 1930, in front of 6 West Fifty-seventh street, use threatening, abusive and insulting behavior, with intent to provoke a breach of the peace, and whereby a breach of the peace might be occasioned, while acting in concert with each other and did walk back and forth in front of complainant's place of business, each defendant carrying a banner with the inscription " Milgrims on Strike," there being no strike at said place at said time.

Since these facts have not been disputed by the defendants, the question presented is whether strikers, while picketing on a

---

* Affd., 255 N. Y. 637.

public thoroughfare at or near a place of business where non-union labor is employed, offend against the statute (*supra*) by the act of displaying, at the same time, a placard with the words thereon " Milgrims on Strike," when in truth none of Milgrim's workers had joined or participated in said strike and when no strike had been declared by the workers or was in progress in such establishment.

Counsel for the defendants contends this is a lawful means of " unionizing that particular shop;" and they rely upon the case of *Exchange Bakery & Restaurant* v. *Rifkin* (245 N. Y. 260).

The principal facts in the *Rifkin* case show that two women picketed in the street close to the curb but near the premises having placards ten by sixteen inches in size pinned to their dresses and bearing the legend " Waitresses Strike Picket, Waitress Union Local No. 1. Affiliated with the American Federation of Labor and the United Hebrew Trades." Furthermore, some of the waitresses were employed by the plaintiff long before they became members of the union; whereas, in the case at bar the signs misrepresented the facts as heretofore stated. There can be no question that the signs here in their peculiar wording were misleading and false in fact; and we believe that picketing with such signs is wrongful and that it tends to create a breach of the peace. The complainant has a right to enjoy the free use of his business as a property, and to the fullest enjoyment of public confidence. Surely, the use of such signs in that manner, and under the circumstances of this case might very easily also work injury to the employer's business, reputation and standing in the community, and ultimately lead to some form of disturbance and disorder. The use of such placards is more than mere picketing and an appeal to the sympathetic aid of would-be customers to withhold their patronage, or to employees whom they would have join the union and the ranks of the strikers. The strikers sought to impress the public and employees by their false statements; and these false signs constitute in a sense coercion. There can be no doubt that the union may, in a proper case, use lawful means to induce the employer to recognize the union that has declared a strike and to employ only union labor; but moral coercion consequent upon the use of false statement, annoyance and obstruction or other illegal methods have a tendency to create public disorder. (*Exchange Bakery & Restaurant* v. *Rifkin, supra,* 263, 264.)

We do not wish our decision to indicate that it is our purpose in any wise to rule on the question which is not before us, whether a union in its efforts to carry out its purposes may call a strike against an employer of non-union labor for the purpose of unionizing that particular shop or trade.

While no formal proof was taken through the sworn testimony of witnesses by the magistrate, the defendants conceded the facts charged in the complaint which were offered in evidence by them and received by the court in lieu of the testimony. Although some of the allegations are mere conclusions, yet we do not deem it necessary to have the nicety and precision of pleadings in the Magistrates' Court with which they are prepared in the higher courts so long as the complaint taken as a whole sufficiently apprises the accused of the nature and extent of the offense intended to be actually charged. The proceedings had before the magistrate give us a fair idea of the theory on which the defendants proceeded, which was that no point was to be made as to whether any other overt act of disorderly conduct had occurred. All parties accepted, it seems to us, that the offense would be considered as proven if the magistrate found that in the picketing false signs had been used. In fact, on the argument of this appeal such was the expressed view of counsel for the appellants.

Here we have an outside group or organization declaring a strike which specifically affected Milgrim's establishment and factory employees, followed by picketing by persons who had not been workers at Milgrim's place of business. There is no evidence that any Milgrim employees joined the strikers, and yet a fair implication of the signs used by the picketers was that a labor strike was in progress among the workers in the Milgrim factory. Obviously, it was not an announcement that Milgrim's was a non-union shop or that a strike had been declared against it, or that any given group of outside workers had declared a strike against Milgrim.

Recognizing that many of the considerations urged for an affirmance of this judgment are employed in actions for injunctive relief, we cannot overlook the fact that the same reasons might, where a wrongful and illegal act is committed against another or his business and employees, tend to cause a breach of the peace. It is sufficient if the behavior of the defendants is such that public disorder might be occasioned thereby. (See *People* v. *Squires*, 135 Misc. 214, and cases therein cited.)

Judgment of conviction affirmed.

All concur; present, FETHERSTON, P. J., SALOMON and FRESCHI, JJ.