THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAM EPSTEIN and ISAAC TILZER, Appellants.

Court of Special Sessions of the City of New York, Appellate Part, Second Department, April 22, 1936.

*Hyman Nemser*, for the appellant.

*William F. X. Geoghan, District Attorney of Kings County [Edward H. Levine* of counsel], for the respondent.

SALOMON, J. By stipulation duly entered by the attorneys of the respective parties the above cases were tried as one, giving the magistrate jurisdiction and the power to enter judgment in each case as if the witnesses had been sworn in each case separately.

The defendants were charged with a violation of section 722, subdivision 1, of the Penal Law, in that on the 10th day of July, 1935, the defendants did unlawfully and with intent to provoke a breach of the peace and whereby a breach of the peace might be occasioned, did for a period of about twenty minutes walk up and down on the sidewalk in front of the place of business of the deponent a distance of about eighteen feet with signs or placards attached to his person stating that the said deponent refuses to employ members of the Retail Men's Clothing Salesmen's Union and by the actions of the defendants persons are prevented from entering and leaving the place of business of the deponent.

In each instance the defendants were found guilty, from which judgments of conviction they appeal to this court.

A reading of the testimony in these cases discloses no offensive, disorderly, threatening, abusive or insulting language, conduct or behavior. The evidence, however, does establish that the defendants were picketing with signs and placards attached to their persons stating that the complainants refused to employ members of the Retail Clothing Salesmen's Union.

It is well settled that in labor disputes individuals have a perfect right to lawfully picket. In the case at bar it appears that the picketing in question was as a result of a labor dispute.

A reading of the testimony in this case discloses that the picketing was done by members of the Retail Clothing Salesmen's Union of Greater New York affiliated with the United Hebrew Trades, the signs and placards reading that the store in question refused to employ members of said union. It further discloses that the dispute herein arises out of the fact that at one time the union in question was a member of the Retail Clothing Salesmen's Union affiliated with the American Federation of Labor but having broken away from the American Federation of Labor, affiliated themselves with the United Hebrew Trades.

It appears conclusively that the signs which the defendants wore did not contain any misleading statements of facts and, as previously stated, no evidence of disorderly, threatening, abusive or insulting language, conduct or behavior appears in the record.

From a reading of the entire testimony the magistrate was called upon to pass upon the rights of one union against another, which in my humble opinion is something over which the magistrate had no jurisdiction and should not have been concerned with.

The only issue that was triable before the magistrate was whether or not the defendants violated section 722, subdivision 1, of the Penal Law and were guilty of disorderly conduct because of a violation thereof. In the case of *Exchange Bakery & Restaurant, Inc.,* v. *Rifkin* (245 N. Y. 260, at p. 263) Judge ANDREWS said: " The purpose of a labor union to improve the conditions under which its members do their work; to increase their wages; to assist them in other ways may justify what would otherwise be a wrong. So would an effort to increase its numbers and to unionize an entire trade or business. It may be as interested in the wages of those not members, or in the conditions under which they work as in its own members because of the influence of one upon the other. All engaged in a trade are affected by the prevailing rate of wages. All, by the principle of collective bargaining. Economic organization to-day is not based on the single shop. Unions believe that wages may be increased, collective barganing maintained only if union conditions prevail, not in some single factory but generally. That they may prevail it may call a strike and picket the premises of an employer with the intent of inducing him to employ only union labor. And it may adopt either method separately. Picketing without a strike is no more unlawful than a strike without picketing. Both are based upon a lawful purpose. Resulting injury is incidental and must be endured."

We have held in *People* v. *Jenkins*,*affirmed by the Court of Appeals (255 N. Y. 637), that where the signs worn by those picketing misstate facts, that that would constitute disorderly conduct. It is also well established that where any acts or conduct of those picketing are loud or boisterous, causing crowds to collect or customers are disturbed or threatened, that would constitute disorderly conduct. It is also well settled that if no strike exists, that that in itself does not make picketing unlawful. (See *Exchange Bakery & Restaurant, Inc.,* v. *Rifkin, supra.*) It has also been held in *Stillwell Theatre, Inc.,* v. *Kaplan* (259 N. Y. 405) that the fact that members of one union opposing another picket a place does not of itself make such picketing unlawful.

In my opinion the evidence in th·s case did not justify a judgment of conviction, and the judgment should be reversed on the law and facts and defendants discharged.

KERNOCHAN, P. J., and BAYES, J., concur.

---

* 138 Misc. 498.