JOSEPH CANEPA, Respondent, *v.* " JOHN DOE," as President of SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL No. 137, et al., Appellants, Impleaded with Others.

Argued January 4, 1938; decided January 18, 1938.

*Louis Waldman* and *David I. Ashe* for appellants. Plaintiff, by aligning himself with anti-union employers and seeking to benefit from the maintenance of non-union standards in the sign industry, has injected himself

squarely within the labor dispute between the union and the anti-union sign manufacturers. (*Goldfinger* v. *Feintuch*, 276 N. Y. 281; *Exchange Bakery & Restaurant, Inc.*, v. *Rifkin*, 245 N. Y. 260.) The instant action involves and grows out of a labor dispute within the provisions of section 876-a of the Civil Practice Act. (*Exchange Bakery & Restaurant, Inc.*, v. *Rifkin*, 245 N. Y. 260; *Duplex Printing Press Co.* v. *Deering*, 254 U. S. 443; *Prussian* v. *United States*, 282 U. S. 675; *Matter of Frasch*, 245 N. Y. 174; *Republic of Honduras* v. *Soto*, 112 N. Y. 310; *Robin Holding Corp.* v. *Walker*, 230 App. Div. 666; *Wilson* v. *Bradley*, 105 Ky. 52; *Nekoosa-Edwards Paper Co.* v. *R. R. Comm.*, 193 Wis. 538; *Codlin* v. *Kohlhousen*, 9 N. M. 565; *Bailey Loan Co.* v. *Seward*, 9 S. D. 326; *Henrietta Mining & Miller Co.* v. *Gardner*, 173 U. S. 123; *United States* v. *Weirton Steel Co.*, 7 Fed. Supp. 285.) The complaint does not state facts sufficient to constitute a cause of action in that it fails to set forth the necessary allegations for the issuance of an injunction, as required by section 876-a of the Civil Practice Act. (*Riggs* v. *Chapin*, 7 N. Y. Supp. 765; *Pawn* v. *Irwin*, 82 Hun, 607; *Hydrox Ice Cream Co.* v. *Doe*, 159 Misc. Rep. 642; 250 App. Div. 770; *Stanley* v. *Peabody Coal Co.*, 5 Fed. Supp. 612; *Dean* v. *Mayo*, 8 Fed. Supp. 73; *Cinderella Theatre Co.* v. *Sign Writers Local Union*, 6 Fed. Supp. 164.)

*Sidney O. Raphael* for respondent. The cause of action involved herein is not a "labor dispute." (*Auburn Draying Co.* v. *Wardell*, 227 N. Y. 1; *American Gas Stations, Inc.*, v. *Doe*, 250 App. Div. 227; *Remington Rand* v. *Crofoot*, 248 App. Div. 356; *Sharf* v. *Doe*, 247 App. Div. 882.) The complaint sufficiently sets forth a good cause of action. (*Bown* v. *Ramsdell*, 227 App. Div. 224; *Dyer* v. *Broadway Central Bank*, 252 N. Y. 430.)

*Per Curiam.* The complaint sufficiently alleges that the picketing by the defendants is part of a true secondary boycott and an unlawful interference with the business

of the plaintiff (*Goldfinger* v. *Feintuch,* 276 N. Y. 281.) Whether or not the case is one " involving or growing out of a labor dispute " as these terms are defined by section 876-a of the Civil Practice Act, the complaint is sufficient.

The order should be affirmed, without costs. The first question certified is not answered and the second question is answered in the affirmative.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; HUBBS, J., taking no part.

Order affirmed, etc.