THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HY BELLOWS and TONY MAIORANO, Appellants.

Court of Special Sessions of City of New York, Appellate Part, Second Department, February 3, 1939.

*Louis Waldman* [*Louis Waldman* and *David I. Ashe* of counsel], for the appellants.

*William F. X. Geoghan, District Attorney* [*George F. Palmer, Jr.,* of counsel], for the respondent.

*Robert R. Kaufman,* for the complainant, *amicus curiæ.*

BAYES, Ch. J. Appeal from judgment of the Seventh District Magistrates' Court, Brooklyn, entered October 10, 1938, convicting the defendants of disorderly conduct under section 722, subdivision 2, of the Penal Law.

The material allegations of the complaint are: "That on the 22nd day of August, 1938, at 816 Nostrand Avenue, in the County of Kings the defendants committed the offense of disorderly conduct in violation of the Penal Law, Section 722, Subdivision 2, in that they did unlawfully and with intent to provoke a breach of the peace and whereby a breach of the peace might be occasioned, did walk up and down before the place of business of deponent, carrying a sign, which said ' This place is unfair to Union Labor.' the sign

relating to a sign which deponent had had installed in front of her premises, the said sign being in truth and fact manufactured by 100% Union Labor."

Complainant Mollie Munzer was engaged in the conduct of a retail store for the sale of ladies' handbags at 816 Nostrand avenue, Brooklyn. She contracted with the Peerless Neon Sign Company for the erection at her store of two electric neon signs. It appears that defendants are members of a union known as Local No. 3 of the International Brotherhood of Electrical Workers, affiliated with the American Federation of Labor and employed in the manufacture of electric neon signs; and further that the signs erected at complainant's store were not manufactured by members of the union to which defendants belonged, but by the Peerless Neon Sign Company which had a working agreement with the United Sign Writers and Sign Hangers Union, Local 304.

In that state of affairs, defendants picketed in front of complainant's premises with signs front and back, one of which read: " Maintenance of electric signs on these premises unfair to Local Union No. 3, Electrical Workers — New York Sign Painters Local No. 230 — affiliated with A. F. of L." The other read: " Electric signs on these premises unfair to Local Union No. 3, Electrical Workers — New York Sign Painters Local No. 230 — Sheet Metal Workers Local No. 137 — affiliated with A. F. of L."

It is clear from the record that the picketing was conducted in a quiet and orderly manner. Upon this phase of the case the magistrate states in his decision: " I do not think that the signs are misleading and I found as a question of fact that there was no disorder."

The sole question involved in this case is whether the defendants were guilty of disorderly conduct as defined in section 722, subdivision 2, of the Penal Law. The answer to that question is not to be found in an analysis of the relations between the members of the two unions or in a consideration of the rights of any of the parties concerned to seek injunctive relief upon appropriate application to the civil courts. In our opinion the record abundantly justifies the finding that the picketing was peaceful and free from disorder. That being so, the defendants were entitled to an acquittal.

In the brief submitted in behalf of the complainant as *amicus curiæ*, the point was urged that the signs were false and misleading. The magistrate found otherwise and we see no reason for disturbing his finding upon that question. In view of that finding the case of *People* v. *Jenkins* (138 Misc. 498; affd., 255 N. Y. 637) does not apply.

The cases of *Exchange Bakery & Restaurant, Inc.,* v. *Rifkin* (245 N. Y. 260) and *Interborough Rapid Transit Co.* v. *Lavin* (247 id. 65) constitute recent holdings by the Court of Appeals in confirmation of the right of labor to employ peaceful picketing.

The cases of *People* v. *Arko* (199 N. Y. Supp. 402) and *People* v. *Wecker* (246 id. 708) may be cited as holding that picketing, not amounting to a disturbance of the public peace, does not constitute disorderly conduct. The court below in the instant case, however, in construing section 722 of the Penal Law, held that " secondary boycotting, even though peacefully, constitutes disorderly conduct." This, as it seems to us, indicates a confusion of criminal and civil remedies which in this case has resulted in the improper conviction of the defendants. The court below further stated that " even peaceful, orderly picketing may amount to disorderly conduct, if no right is established by the defendant to picket." In our opinion, in a prosecution under section 722 of the Penal Law, there is no burden resting upon the defendant to establish his right to picket. The burden at all times rests with the People to establish the guilt of the defendant beyond a reasonable doubt. It may well be that the complainant, as pointed out in her brief, has no dispute with the defendants or their unions, but that fact merely emphasizes the duty of the court to distinguish between criminal and civil remedies to the end that each may be pursued in its appropriate forum. Accordingly, the judgment should be reversed and the complaint dismissed.

All concur. Present — BAYES, Ch. J., SALOMON and KOZICKE, JJ.