JACK SILVERGLATE, Doing Business under the Trade Name and Style of SMILES DRUG STORE, Plaintiff, *v.* BERT KIRKMAN, as President of the International Brotherhood of Electrical Workers, Local No. 3, " JOHN DOE," etc., and Others, Defendants.

Supreme Court, Special Term, New York County, April 28, 1939.

*S. O. Raphael*, for the plaintiff.

*Louis Waldman*, for the defendants.

MILLER, J.   In *Canepa* v. " *John Doe* " (277 N. Y. 52) an owner of a liquor store who purchased a neon sign which was hung in front of his premises brought an action against certain unions which were picketing his premises with placards bearing the legend that the sign was unfair to the defendant unions, thus creating the impression that the sign was unfair to union labor.   The Court of Appeals held that (pp. 54–55) " The complaint sufficiently alleges that the picketing by the defendants is part of a true secondary boycott and an unlawful interference with the business of the plaintiff."

The case of *Goldfinger* v. *Feintuch* (276 N. Y. 281), which permitted picketing of the premises of one who purchased merchandise from non-union sources, is clearly distinguishable in that the plaintiff in the *Canepa* case had not purchased the sign for resale, but for his own use, as the ultimate consumer, and there was, therefore, no such " unity of interest " present as was found by the Court of Appeals to exist in the *Goldfinger* case.   Despite the fact

that the plaintiff in the *Canepa* case did not charge the defendants with violence or disorder or anything other than peaceful picketing, the Court of Appeals characterized the picketing by the defendants as " an unlawful interference with the business of the plaintiff." In view of this decision the argument of the defendants in the present case that the picketing is legal must be overruled.

It is also contended by the defendants that even if the picketing is unlawful as a true secondary boycott, the plaintiff may not obtain injunctive relief except in compliance with section 876-a of the Civil Practice Act, which governs the issuance of injunctions in cases " involving or growing out of a labor dispute, as hereinafter defined." In the *Canepa* case the Court of Appeals found that the complaint contained allegations which sufficiently complied with the provisions of section 876-a of the Civil Practice Act, and, therefore, deemed it unnecessary to decide whether or not the case before it was one involving or growing out of a labor dispute. The court said (p. 55): " Whether or not the case is one ' involving or growing out of a labor dispute ' as these terms are defined by section 876-a of the Civil Practice Act, the complaint is sufficient."

Since that time Mr. Justice COLLINS has held that picketing by sign unions of the premises of a person who purchased a sign to be hung outside his premises and not for resale did not give rise to a labor dispute within the meaning of section 876-a of the Civil Practice Act (*Weil & Co., Inc.*, v. " *John Doe*," 168 Misc. 211), and Mr. Justice STEUER, in a similar situation, granted a temporary injunction (*Delancey Drug Co.* v. " *John Doe*," N. Y. L. J. Feb. 28, 1939, p. 934) without the hearing which would be necessary under section 876-a of the Civil Practice Act, if that section were deemed applicable.

With these decisions this court agrees. In *Thompson* v. *Boekhout* (273 N. Y. 390) it was held that a controversy between the owner of a small business, running the same without any employees, and a union which sought to induce him to hire employees, was not a labor dispute within the letter or spirit of section 876-a of the Civil Practice Act. It would seem to follow that a controversy between unions and the owner of a business, merely because of the latter's purchase of a sign from a firm of which the unions did not approve, in no way relating to said owner's employees or their conditions of employment, is not a labor dispute with the contemplation of section 876-a of the Civil Practice Act. In *American Gas Stations, Inc.*, v. " *John Doe* " (250 App. Div. 227), also a case involving picketing by sign unions against the purchaser of a sign for hanging in front of its own premises, the Appellate Division,

Second Department, held that no labor dispute within the meaning of section 876-a was involved. The court said (p. 228): " The defendants had no controversy with plaintiff nor with plaintiff's employees. They do not claim that they want to better the labor conditions of plaintiff's employees nor that there is any controversy with the plaintiff concerning terms or conditions of labor nor that there is any dispute with the plaintiff arising out of the respective interests of employer and employee." The court also declared that in its opinion it was " the clear intent of the Legislature * * * that the controversy must be one in which the plaintiff is concerned, or at least that the plaintiff be engaged in the same industry, trade, craft or occupation in which the dispute occurs." (Civ. Prac. Act, § 876-a, ¶ 10, subds. a, b.) In *Scharf* v. " *John Doe* " (247 App. Div. 882) the Appellate Division in this department affirmed an order granting an injunction restraining picketing by sign unions against the purchaser of a sign, although said injunction was granted without compliance with section 876-a of the Civil Practice Act.

The defendants also make the claim that plaintiff is not the real party in interest and that the action is brought merely for the purpose of enabling the firm which constructed and hung the plaintiff's sign, with labor claimed to be non-union labor, to obtain injunctive relief against picketing by the defendants without complying with section 876-a of the Civil Practice Act. This contention must be overruled. The premises picketed are those of the plaintiff and the moving affidavit which seeks to restrain the picketing is sworn to by the plaintiff himself. Any recovery in the action will inure solely to the benefit of the plaintiff and the latter is, therefore, clearly the real party in interest. The fact that this plaintiff and various other purchasers of signs have commenced actions for injunctions in which they all have been represented by a single attorney, who is the attorney designated by the seller of the signs, does not affect plaintiff's status as the real party in interest nor modify or destroy plaintiff's right to injunctive relief. The affidavit of Louis Witkin, submitted by the defendant unions in opposition to a motion for an injunction in a companion action, decided simultaneously herewith, reveals that the explanation of the representation of the various plaintiffs by the attorney designated by the seller of the signs, is that at the time of the purchase of the signs the seller agreed in writing that if there would be any picketing the seller would " take necessary steps to remove same without cost to customer." In other words, the seller induced people to purchase signs from it who might otherwise have refrained from doing so because of their fear of unlawful picketing, by agreeing in effect

to indemnify them against any financial loss by itself bearing the cost of legal proceedings. The important fact is that the action is being prosecuted in the name of the plaintiff, who has himself sworn to the moving affidavit and who himself seeks the injunctive relief against acts which injure him alone, and not the firm which sold the signs to him.

The motion for a temporary injunction is granted. Settle order.