THE PEOPLE OF THE STATE OF NEW YORK ex rel. DANIEL BRIESBLATT, Relator, *v.* HARRY BORDEN, Sheriff of Sullivan 'County, Defendant.

Supreme Court, Sullivan County, August 27, 1940.

*Kooperman & Kooperman*, for the relator.

*William Deckelman, District Attorney* [*Moses L. Kove* of counsel], for the defendant.

BERGAN, J.   It will be assumed for the purpose of this decision that the allegations of the information in respect of the acts of the relator do not show disorder or public annoyance other than the picketing of the Morningside Hotel by walking up and down in front of it carrying the sign described therein.

Peaceful picketing which constitutes a secondary boycott against a person who has no unity of interest with one involved in a labor dispute may constitute disorderly conduct.   (*People* v. *Bellows*, 281 N. Y. 67, 70.)   The court there was not unanimous.   All the judges agreed that the picketing was unlawful, but Judge LEHMAN dissented upon the ground that even though unlawful the picketing did not constitute disorderly conduct if peacefully conducted (p. 77). The case, however, has settled the law to the contrary.   If the Morningside Hotel has no unity of interest with Wichinsky's Bakery where a labor dispute seems to have existed, the picketing was unlawful and it constituted disorderly conduct although peaceful in execution.

The crux of the question raised by this proceeding is whether the pleader of the information must negative a unity of interest between the hotel and the bakery, or whether such negation may be assumed *prima facie* from the facts pleaded.   In the latter event it would become a matter of defense to show that a unity of interest existed.

I think the negative may be assumed from the facts pleaded. No inference of fact or law exists that the hotel sells the bread of the bakery.   The sign   stated,   merely,   that the hotel " buys " the bread of the bakery.   Nor can it be assumed in regard to this

hotel quite as readily as in regard to a retail store which in turn sells to the public products as manufactured that such products are necessarily sold to guests, either as manufactured or as further treated or processed, or indeed, that any bread or other food is sold at all.

From the facts here pleaded, it may be assumed, accordingly, that the hotel stands in the position of an ultimate consumer. I conclude that the information is sufficient on its face to require an examination of the facts upon a trial and a determination as to the relationship between the bakery and the hotel.

In *Goldfinger* v. *Feintuch* (276 N. Y. 281, 286) a clear unity of interest was shown in which the manufacturer " disposes of the product through retailers." The facts here are not fully analogous. Assuming that the hotel furnishes bread incidental to the service of selling food to guests, this has not the full effect of an agency for disposition of the product of a manufacturer that attaches to a retail store selling such products as separate entities. The unity of interest is not so well formulated nor so clear.

But, on the other hand, if the hotel furnishes such goods to its guests for part of the compensation paid for their general entertainment the hotel may not be quite so remote from the manufacturer's labor controversy as to be an ultimate consumer wholly divorced from all unity of interest to the extent that the storekeeper who purchased a sign from a manufacturer was regarded in *People* v. *Bellows* (*supra*); in *Canepa* v. " *John Doe* " (277 N. Y. 52) and in *Silverglate* v. *Kirkman* (171 Misc. 1051).

This case seems to lie somewhere between these two extremes of policy involving the right to picket business establishments. The question of law cannot be fully decided in this proceeding. It can adequately and fully be determined only on a trial of the issues, and I regard the information on its face sufficient to require such a trial.

The writ of habeas corpus is quashed and overruled and the relator remanded to the custody of the respondent. No costs.

Submit order.