THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRED MIMMS, Appellant.

Court of Special Sessions of the City of New York, Appellate Part, First Department, June 2, 1948.

*Jack M. Perlman* for appellant.

*Samuel J. Foley, District Attorney (Herman J. Fliederblum* and *Richard V. Brady* of counsel), for respondent.

*Herbert Lasky* and *Sidney O. Raphael, amicus curiæ.*

*Per Curiam.* The conviction for disorderly conduct in this case was based solely upon the finding by the magistrate, as stated in his opinion, that the legend on the placard carried by the appellant contained misrepresentations and was false because of the implications to be drawn therefrom. In our view the magistrate was in error in so finding.

It is now urged that at least the last sentence of the legend was a misrepresentation. The meaning and intent of this sentence must be ascertained from a consideration of the legend

in its entirety and not by interpreting it separate and apart from its context.

The respondent also urges affirmance on another ground of which the magistrate made no mention in his opinion, to wit: that the evidence in the record, of false oral statements by appellant to prospective customers and unlawful interference with delivery men, though disputed by appellant, imports a finding by the magistrate of such false oral statements and unlawful interference. Examination of the allegations in the complaint, the circumstances under which such allegations were framed and incorporated therein, the fact that the magistrate failed to allude to these incidents in his opinion and a consideration of the testimony itself, leads to the conclusion that we would not be justified in holding that such a finding was made by the magistrate.

In the opinion of the majority of the court peaceful picketing directed to the complainant's machine by a union because it is not serviced by a member of the union would not be unlawful. This would seem to be so even though the complainant claims to service the machine himself. Whether or not there is a labor dispute as defined in section 876-a of the Civil Practice Act is not the sole criterion. If there is a legitimate grievance, the attention of the public may be called to it in a peaceful manner in the exercise of the right of free speech. (*Cafeteria Union* v. *Angelos*, 320 U. S. 293.) The instant case is essentially different from *People* v. *Bellows* (281 N. Y. 67) and the doctrine of that case does not apply.

Ordinarily our reversal would be accompanied by a dismissal of the complaint. However, in this instance a new trial should be had where the facts concerning the servicing of the machine and other branches of the case may be fully developed so as to present an accurate and complete picture of the factual situation to which the law may be applied.

Accordingly the judgment is reversed and a new trial ordered.

De Luca, C. J., Northrop and Paige, JJ., concur.

Judgment reversed, etc.