THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of HARRY BRODER, Respondent, *v.* ALBERT HELLER, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of EDWARD NYSTROM, Respondent, *v.* ISIDORE MANKOVITZ, Appellant.

County Court, Nassau County, February 1, 1938.

*Edward Elman,* for the appellants.

*Martin W. Littleton, District Attorney,* for the respondents.

JOHNSON, J. The defendants have appealed from judgments of the City Court of Long Beach convicting them of disorderly conduct in violation of section 722 of the Penal Law. They were " picketing," as was their right, although there was no strike in progress at the premises being picketed. ( *Nann* v. *Raimist,* 255 N. Y. 307; *Goldfinger* v. *Feintuch,* 276 id. 281.)

If, therefore, the picketing was conducted in a lawful manner, the defendants were not guilty of disorderly conduct. The trial court found that the defendants exceeded the limits of peaceful picketing permissible under the decisions of the courts.

In my opinion the evidence fails to sustain such finding. To be sure it shows that resort was had to a false statement of fact, *i. e.,* that a strike was in progress at the picketed premises, a type of picketing which has been enjoined as unlawful. ( *Nann* v. *Raimist, supra; Exchange Bakery & Restaurant, Inc.,* v. *Rifkin,* 245 N. Y. 260; *Wilner* v. *Bless,* 243 id. 544; *Piccadilly Laundry Service, Inc.,* v. *Broader,* 252 id. 539.) However, although such a false statement may be enjoined, it does not follow that it so tends to a breach of the peace as to constitute disorderly conduct. In my judgment the actions of the defendants here were not substantially more disorderly than those involved in *People* v. *Nixon* (248 N. Y. 182) and *People* v. *Friedman* (Id. 531), wherein convictions were reversed.

Judgments of conviction reversed and informations dismissed.