THE PEOPLE OF THE STATE OF NEW YORK on Complaint of JULIUS M. SCHIFF, Complainant, *v.* SAMUEL MINDES, Defendant.

City Magistrates' Court of New York, Borough of Brooklyn, Bay Ridge District, April 2, 1942.

*Abraham Aronson,* for the complainant.

*Markewich, Rosenhaus & Markewich [Irwin Panken* of counsel], for the defendant.

SALA, C. M. The complaint charges that the defendant violated subdivision 2 of section 722 of the Penal Law in that, while in the course of picketing Goodwin's department store in the borough of Brooklyn, he shouted that " scabs (were) employed in this store and they sell scab merchandise." The complainant also testified that the defendant shouted, referring to a Red Cross display in the window, " Don't let that Red Cross display fool you. It is only there for a blind and for advertising purposes. They never gave anyone a penny in their lives. No one in there ever gives anything."

It may be assumed without so deciding, that these statements were made and that they were false. By this assumption the sole question presented for this court is: Do false statements made in the course of picketing, and known to be false by the utterer, *ipso facto* amount to disorderly conduct? We hold that it does not. Whether equitable relief under the provisions of section 876-a of the Civil Practice Act, or legal redress for damages lies for the defendant's conduct, we are not called upon to decide. (See *Exchange Bakery & Restaurant, Inc.,* v. *Rifkin,* 245 N. Y. 260, 264.) In this connection, however, we are in accord with the opinion that not all enjoinable conduct is disorderly. (See LEHMAN, J., dissenting in *People* v. *Bellows,* 281 N. Y. 67, 76.) Suffice it to state that under our form of jurisprudence various remedies do exist to adequately redress, before the proper tribunal, false and misleading statements.

It has been held that false and misleading statements by pickets who had never been employed by an employer, and whose employees the pickets publicly and falsely represented as being on strike, constituted disorderly conduct. (*People* v. *Jenkins,* 138 Misc. 498; affd., 255 N. Y. 637.) Those statements, it must be remembered, referred to the very nature of the dispute; no strike, in fact, existed in the *Jenkins* case. In the instant case the misstatements principally are as to collateral matters. There is no question but that a strike is in progress and that the defendant had previously been employed by the store he was picketing. The picketing was clearly lawful. (*Nann* v. *Raimist,* 255 N. Y. 307.) There is no denial by the prosecution that there existed a legitimate labor dispute in the instant case, nor is there any evidence against the defendant of violence, threats or abusive and offensive utterances, except that the defendant is alleged to have called certain employees

" scabs " as they entered the employer's premises, and is alleged to have shouted, " * * * they sell nothing but scab merchandise."

It is our opinion that addressing or characterizing a person as a " scab " is not conduct of a disorderly nature without other circumstances which might reasonably tend to induce a breach of the peace. The term " scab " has a very definite connotation in connection with labor disputes. It means labor employed before a strike which has not seen fit to engage and participate in the strike when called, but, rather, continues to give service to its employer during this economic conflict. To say that scabs are employed or that scab merchandise is sold in a place of business being picketed is not disorderly conduct, even though the charge made to that effect is untrue. This court believes that the remedy lies in equity if the accusation is false.

Even where the misstatement went to the nature of the dispute itself, a conviction for disorderly conduct was recently reversed in a similar situation. The County Court, Nassau County, speaking through JOHNSON, J., stated in *People (Complaint of Broder)* v. *Heller* (166 Misc. 155): " In my opinion the evidence fails to sustain such finding. To be sure it shows that resort was had to a false statement of fact, *i. e.*, that a strike was in progress at the picketed premises, a type of picketing which has been enjoined as unlawful. [Citing cases.] However, although such a false statement may be enjoined, it does not follow that it so tends to a breach of the peace as to constitute disorderly conduct."

This decision, in our opinion, although irreconcilable with *People* v. *Jenkins (supra)*, except by tortuous and sophistic reasoning, is the proper one. The complaint is, therefore, dismissed.