THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* LOUIS SCHEINMAN, Respondent. (Four cases)

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ABRAHAM SPANIER, Respondent.

Argued November 29, 1945; decided January 24, 1946.

*Ignatius M. Wilkinson, Corporation Counsel (Henry J. Shields* and *James Hall Prothero* of counsel), for appellant. I. Since the facts were conceded by defendants the reversal of the judgments was an improper disposition of the appeals. Even if the facts were before the Appellate Division for review the decision at most should have been a modification of the judgments and a direction of new trials. (*People* v. *Friedman,* 138 App. Div. 29, 200 N. Y. 591; *People* v. *Atlas,* 183 App Div. 595; *People* v. *Poulin,* 207 N. Y. 73; *People* v. *Bellows,* 281 N. Y. 67; *Caldwell* v. *Lucas,* 233 N. Y. 248; *Queeney* v. *Willi,* 225 N. Y. 374.) II. Whether the evidence sustains a decision or judgment is a question of law and the Court of Appeals may review the evidence for that purpose. This is not the review on the facts prohibited by the Constitution. (*People* v. *Nixon,* 248 N. Y. 182; *People* v. *Bellows,* 281 N. Y. 67; *Goodman* v. *Marx,* 234 N. Y. 172.)

*Avrum J. Schrager* and *Abner H. Pike* for respondents. I. The judgments of conviction of the City Magistrate having been reversed on the facts by the Appellate Division, its decision is not reviewable by the Court of Appeals and the appeal, therefore, should be dismissed. (*People* v. *Mitchell,* 142 N. Y. 639; *People* v. *O'Brien,* 164 N. Y. 57; *People* v. *Weiner,* 211 N. Y. 469; Code Crim. Pro., § 543-a; Civ. Prac. Act, § 605.) II. The Appellate Division could, upon reversing the judgments of conviction, dismiss the complaints. (Code Crim. Pro., § 543, subd. 1; *People* v. *Weiner,* 211 N. Y. 469; *People* v. *Mangan,* 262 N. Y. 508; *People* v. *Black,* 262 App. Div. 733.)

LOUGHRAN, Ch. J. After trial before a magistrate sitting as Court of Special Sessions in accordance with article VIII of the New York City Criminal Courts Act, the defendants were convicted of having on several occasions unlawfully kept food that was unfit for human consumption.

The charges were laid under section 148 of the Sanitary Code of the City of New York and regulation 27 of the Board of Health of the City. Section 148 provides: " No building, room, or place, where food is prepared, cooked, mixed, baked, smoked,

preserved, exposed, bottled, packed, handled, stored, or manufactured, shall be conducted, operated, maintained, or used otherwise than in accordance with the regulations of the Board of Health." Regulation 27 says: "Food which has become unfit for human consumption, shall be kept separate and apart from other foodstuffs which are held, kept, and offered for sale, properly denatured, marked ' Condemned ' and removed daily."

At each of the times in issue, the defendants concededly kept at their place of business eggs that were unfit for human consumption, without having denatured them or marked them " Condemned " and without having separated them from other foodstuffs that were then and there offered for sale. The People gave evidence that in each instance the eggs had previously been candled, — i.e., tested as to quality by being held between the eye and a light. The defendants gave evidence to the contrary. Such were the several items of the controversy.

On appeal by the defendants, the Appellate Division reversed each of the convictions " on the facts " and in each case remitted the fine and dismissed the complaint. The cases are here upon a certificate of our late Chief Judge LEHMAN (see Code Crim. Pro., § 520, subd. 3).

In their brief and argument, the defendants do not refer to the merits of the controversy. They make a single point, viz.: " The judgments of conviction of the City Magistrate having been reversed on the facts by the Appellate Division, its decision is not reviewable by this Court and the appeal, therefore, should be dismissed." We cannot adopt that position. The above-recited facts are ample warrant for the Magistrate's findings of guilt. In that state of the record, the Appellate Division was without power to dismiss the complaints. (*People* v. *Bellows,* 281 N. Y. 67.)

As to each defendant, the order of the Appellate Division and the judgment of the Court of Special Sessions should be reversed and a new trial ordered.

LEWIS, CONWAY, DESMOND, THACHER, DYE and MEDALIE, JJ., concur.

Orders reversed, etc.