THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE BUDNER, Appellant.

First Department, June 6, 1961.

**254**

*Rudolph Stand* for appellant.

*H. Richard Uviller* of counsel (*Richard G. Denzer* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

BASTOW, J.  Defendant appeals from a judgment convicting him of common barratry in violation of section 320 of the Penal Law.  The facts are not in serious dispute.  The defendant during 1957 and 1958 was a union member employed by the day by various employers as a painter.  Pursuant to a collective agreement each employer paid to the welfare fund of the union a certain percentage computed upon the amounts earned by defendant.  Two per cent of this amount was allocated to vacation benefits.

In 1957 defendant's earnings were approximately $2,230.  Ten per cent of this amount, or approximately $223, was paid to the trustee of the welfare fund.  Two per cent of the former amount, or $44.60, was allocated to defendant as a vacation benefit.  The trustee deducted from this amount 20% as a Federal withholding tax and sent to defendant a check for the balance of $35.68.  The check was refused because defendant contended that the trustee was·without authority to make the 20% deduction.  In 1958 an action was brought in the Small Claims Court to recover the sum of $44.60, but following· a trial judgment was rendered for the·lesser amount of $35.68, plus costs.  Again defendant refused to accept this amount and insisted on the additional amount of $8.91 — the tax withheld by the trustee.

There ensued a series of maneuvers by defendant and officials of the welfare fund in Small Claims Court and Municipal Court that might rise to the level of misuse of judicial process by all parties concerned and out of which arose the present information

charging defendant with the crime of " the practice of exciting groundless judicial proceedings." (Penal Law, § 320.) Defendant, acting without an attorney, on at least 14 occasions in 1958 and 1959 commenced actions in Small Claims Court to recover amounts varying from $22.62 to $80 for " supplementary wages ", " breach of contract-vacation money due " or " vacation money due ", covering various periods in the years 1956 through 1959.

The officials of the union welfare fund — defendants in those actions — adopted a uniform procedure after the commencement of each action. In every case an answer was interposed containing a counterclaim to recover amounts ranging from $101 to $150 for " abuse of process ". Inasmuch as the jurisdiction of Small Claims Court is $100 (N. Y. City Mun. Ct. Code, § 179), the amount demanded in the counterclaims brought about the transfer of the cases to the District Court (N. Y. City Mun. Ct. Code, § 183). Thereafter, the attorneys for the welfare fund demanded a bill of particulars and then moved the case to the General Calendar because of defendant's failure to serve the bill. None of the actions so processed was ever brought to trial. Moreover, no proof was offered upon the present trial that the subject matter in any of the 14 actions was identical with another action or identical with that in the first action tried in Small Claims Court.

Appellant, testifying in his own behalf at the present trial, said that there was no intent on his part to inflict injury or harass anyone; that his only motive " was to recover sums of money lawfully due me that were paid in by [my] employers over stated periods." He explained that he selected the Small Claims Court because he could not afford the services of a lawyer and in that court one is not required. He charged that the defendants in the civil actions had transferred the cases to Municipal Court " in a vain attempt to harass [me] and to discourage [me] from suing to recover any sum of money." His views as to the difference in procedure in the two courts appear to be correct. In *Levins* v. *Bucholtz* (208 Misc. 597, affd. 2 A D 2d 351) the following statement was quoted with approval (p. 599): " ' The essential features of a small claims court are extremely low costs or none at all, no formal pleadings, no lawyers, and the direct examination of parties and witnesses without formality by a trained judge who knows and applies the substantive law.' "

Our statute defines common barratry as " the practice of exciting groundless judicial proceedings." (Penal Law, § 320.)

It appears that the crime is seldom prosecuted in any jurisdiction and our statute enacted by chapter 676 of the Laws of 1881 has never received judicial construction. The crime, however, is of ancient origin. Coke explained "why this busy-body is called barretor" and defined the term as "a common mover or stirrer up or maintainer of suits, quarrels or parties." (Case of Barretry, 8 Coke 36b, 77 Reprint, 528.)

In our opinion the proof did not satisfy the requirement of the statute that defendant had adopted the practice of exciting groundless actions. It is true that one cause was prosecuted to judgment in Small Claims Court. While all of the actions sought to recover for vacation pay funds or supplementary wages there was no proof that the causes were based on the identical amount for which defendant had obtained judgment in the first action. From all that appears in the present record the trustee of the welfare fund may have in his possession other moneys belonging to defendant. The conduct of defendant may not have been proper but the actions of the officials of the welfare fund in asserting a counterclaim of the bare amount sufficient to deprive the Small Claims Court of jurisdiction were equally vexatious. This was followed by a demand for a bill of particulars which until complied with by defendant prevented the cause from being reached for trial in Municipal Court. One can only conclude from reading the record that this was a deliberate course of conduct on the part of the union officials. The defendant, unrepresented by an attorney, in his frustration thereupon resorted to the commencement of other actions. It is significant that the union officials never attempted to press to a conclusion any of the counterclaims based upon a claim of abuse of process by the present defendant.

The evidence was insufficient to establish the crime charged and the guilt of defendant was not proven beyond a reasonable doubt. Even if the evidence is sufficient we regard the conviction as against the weight of the evidence on the question of intent in general and specifically that the acts were done "with a corrupt or malicious intent to vex and annoy." (Penal Law, § 322.) "The offense does not consist in promoting either private suits or public prosecutions when the sole object is the attainment of public justice or private right, but in the prostitution of these remedies to mean and selfish purposes." (9 C. J. S., Barratry, § 2, p. 1547.)

The judgment of conviction should be reversed, on the law and on the facts, and the information dismissed.

McNALLY, J. (dissenting). Defendant was convicted by the Court of Special Sessions of the City of New York of the crime of common barratry and this court has reversed the conviction and dismissed the information holding "The evidence was insufficient to establish the crime charged and the guilt of defendant was not proven beyond a reasonable doubt." It is my view that the evidence establishes the crime charged. If the evidence be sufficient, then the information may not be dismissed, although in the exercise of discretion a new trial may be directed. (*People* v. *Lee,* 308 N. Y. 302; *People* v. *Scheinman,* 295 N. Y. 142; *People* v. *Bellows,* 281 N. Y. 67; Cohen and Karger, Powers of the New York Court of Appeals [1952 ed.], p. 758.)

In 1957 the painting industry established by collective agreement a welfare fund for the benefit of its members. Into this fund employers paid 12% of gross payroll before the deduction of Federal withholding tax, 2% of which was allocated to vacation benefits. In 1957 defendant, a member of the union, earned a gross of $2,229.99, 2% of which or $44.60 was paid by his various employers into the vacation fund. Under the Internal Revenue Act these vacation benefits constituted a part of wages and the fund withheld $8.91 for Federal withholding tax, leaving a net vacation benefit of $35.68.

Similarly, in 1958, the welfare fund received a percentage of defendant's gross earnings for that year; 2% of that amount was $39.19 as the gross receipts in the vacation fund; $7.84 was the amount withheld for income tax; and the net result was $31.35 owing to defendant for vacation benefits for the year 1958.

Checks were sent to defendant by the welfare fund covering the amounts owing for the years 1957, 1958 and 1959. The check sent to cover benefits for 1957 was returned after defendant refused acceptance.

In 1958 the defendant at bar sued one Martin Rarback, as treasurer of the union, for $44.60. The sole issue involved in said suit was the propriety of the deduction of the Federal withholding tax. The issue was resolved in favor of the union and judgment was awarded on October 29, 1958 in favor of the plaintiff, the defendant at bar, for $35.68, the amount conceded by the union, plus costs in the sum of $3.13, making a total of $38.81. The sum of $35.68 is the sum demanded less the amount of the Federal withholding tax. Defendant refused the amount of the judgment tendered by the union. Thereafter the defend-

ant herein instituted the following described 14 separate actions against the union:

| Date Issued | Amount Claimed | Cause of Action | Period Covered |
|---|---|---|---|
| Nov. 25, 1958 | $22.62 | Supplementary wages | Aug., 1956 to Jan., 1957 |
| Feb. 9, 1959 | $56.81 | Supplementary wages | Aug. 1, 1956 to July 31, 1958 |
| Mar. 10, 1959 | $56.81 | Supplementary wages | Aug. 1, 1956 to July 31, 1958 |
| Mar. 26, 1959 | $59.00 | Supplementary wages | Aug. 1, 1956 to July 31, 1958 |
| Aug. 11, 1959 | $56.81 | Breach of contract vacation money due | Aug. 1, 1956 to July 31, 1958 |
| Sept. 14, 1959 | $77.89 | Breach of contract vacation money due | Aug. 1, 1958 to July 31, 1959 |
| Dec. 8, 1959 | $60.00 | Breach of contract vacation money due | Aug. 1, 1956 to July 31, 1958 |
| Dec. 9, 1959 | $80.00 | Vacation money due | Aug. 1, 1958 to July 31, 1959 |
| Jan. 15, 1960 | $80.00 | Vacation money due | Aug. 1, 1958 to July 31, 1959 |
| Jan. 15, 1960 | $25.00 | Breach of contract vacation money due | Aug. 1, 1956 to July 31, 1957 |
| Jan. 15, 1960 | $35.00 | Vacation money due | Aug. 1, 1957 to July 31, 1958 |
| Feb. 11, 1960 | $80.00 | Vacation money due | Aug. 1, 1958 to July 31, 1959 |
| Feb. 11, 1960 | $25.00 | Vacation money due | Aug. 1, 1956 to July 31, 1957 |
| Feb. 11, 1960 | $35.00 | Vacation money due | Aug. 1, 1957 to July 31, 1958 |

In each of the 14 actions the union affirmatively alleged the defenses of *res judicata* and payment, and, except in one action, a counterclaim for abuse of process. None of the 14 cases was brought to trial. The evidence in my judgment supports the finding that the issue decided by the prior judgment was the only disputed issue in the said 14 actions and that the subject matter was identical with the issue litigated in the first action. Defendant's testimony to the effect that his sole motive was to recover what was lawfully due him is not conclusive.

Section 320 of the Penal Law defines barratry as follows: " Common barratry is the practice of exciting groundless judicial proceedings." Section 322 of the Penal Law requires proof to convict of this misdemeanor as follows: " No person can be convicted of common barratry, except upon proof that he has excited actions or legal proceedings, in at least three instances, and with a corrupt or malicious intent to vex and

annoy." Section 323 of the Penal Law provides: "Upon a prosecution for common barratry, the fact that the defendant was himself a party in interest or upon the record to any action or legal proceeding complained of, is not a defense."

The record amply supports the finding implicit in the judgment of conviction that the 14 actions were groundless and instituted "in at least three instances, and with a corrupt or malicious intent to vex and annoy." (Penal Law, § 322.)

The judgment of conviction should be affirmed.

BOTEIN, P. J., BREITEL and EAGER, JJ., concur with BASTOW, J.; McNALLY, J., dissents in opinion.

Judgment of conviction reversed, on the law and on the facts, and the information dismissed.