Foster, J.
On September 17,1960 defendant was served with a summons charging him with operating an unregistered vehicle on a public highway in Queens County (Vehicle and Traffic Law, former art. 3, § 11, subd. 1, now art. 14, § 401, subd. 1, par. a). At the trial in City Magistrates’ Court, City of New York, the arresting officer testified that defendant was operating a Ford truck which was drawing an unregistered ‘ ‘ trailer ’ ’ bearing-no ‘ ‘ distinctive number plate. ’ ’ On cross-examination, the arresting officer was asked this question: ‘ ‘ What is this unreg *435 istered vehicle designed and primarily used for? ”, to which he answered, “ I don’t own it, I don’t know what he uses it for.” The officer described the vehicle as a “ regular trailer ” which was “very long * * * approximately maybe 30 feet”. Counsel for defendant moved to dismiss on the ground that the prosecution had failed to prove prima facie that the unregistered vehicle was a “ trailer ” subject to the registration law. The motion was denied.
Defendant described the vehicle as a “ field office, a construction field office used for consulting engineers for the park department ”, and testified that the vehicle was being removed from a contracting job where it had remained stationary for one year, and that generally it was moved “ once ” or “ possibly twice a year.” The field office at no time was used as a living abode or habitation nor did it contain plumbing or sleeping accommodations. The measurements of the vehicle were given as approximately 6 feet high and 6 feet wide by 16. It contained removable wheels, which were taken off when it was stationed. Again a motion to dismiss was made and denied. Defendant was found guilty and was fined $25.
The judgment of conviction was reversed unanimously for errors both of law and fact and the complaint dismissed by the Court of Special Sessions, Appellate Part, City of New York, Second Department. The People appeal pursuant to a certificate granted by an Associate Judge of this court.
Section 156 of the Vehicle and Traffic Law defines “ trailer ” (subject to the registration law) as follows: “ Any vehicle not propelled by its own power drawn on the public highways by a motor vehicle * * * except * * * vehicles designed and primarily used for other purposes and only occasionally drawn by such a motor vehicle ” (emphasis supplied).
The sole issue presented is whether or not a question of fact existed as to the nature of the vehicle and as to defendant’s guilt. If such a question existed, the Court of Special Sessions had no power to dismiss the complaint (Cohen and Karger, Powers of the New York Court of Appeals, § 200, p. 752; People v. 25 Stations, 3 N Y 2d 488, 490-491; People v. Rudolph, 303 N. Y. 73, 79; People v. Bellows, 281 N. Y. 67; People v. Scheinman, 295 N. Y. 142).
We think that there was sufficient evidence in the record to present a question of fact. The statute excepts from its definí *436 tiou of trailers vehicles (1) designed and (2) primarily used for other purposes, and only occasionally drawn by motor vehicles. Thus it is not sufficient for a vehicle to come within the exception if it simply is used primarily for purposes other than that of a trailer; it also must be designed for such other purposes. Both elements must be present for the exception to apply.
The vehicle was a van, described by the complainant as a regular trailer, approximately 30 feet in length. Defendant testified that the dimensions of the field office were 6 feet high, 6 feet wide, and 16 feet in length. The trailer-like shape and appearance of the vehicle thus were established. Additionally, the vehicle contained wheels which were removable, and were taken off when the vehicle was stationed. Though used for a field ' office, it might be found that the vehicle was designed for use as a trailer, either for living or hauling purposes despite the testimony of the defendant. The police officer did not testify that he did not know the purpose for which the vehicle was designed. He merely said: “I don’t own it, I don’t know what he uses it for.”
The field office contained wheels, and was capable of being drawn on the highway. It undoubtedly was a 1 ‘ vehicle ’ ’ (Vehicle and Traffic Law, § 159). A vehicle of this type, capable of being used as a “ home or living abode or habitation of one or more persons, either temporarily or permanently ” is classified as a “trailer” (Vehicle and Traffic Law, § 119; emphasis supplied). The size and shape of the vehicle, and the descriptive words used by the police officer were sufficient .to present a question of fact as to whether the vehicle was capable of being lived in, at least by one person, temporarily. And certainly the fact that it contained removable wheels indicates that it was designed for use as a trailer, at least for hauling purposes. That the vehicle was used primarily as a field office, and was drawn only occasionally on the highway, is not sufficient to exempt it from registration. A trailer may be moved but once a year, yet it must be licensed. A question of fact existed as to the purposes for which the vehicle was designed.
Since the reversal below was upon the law and the facts, and the complaint was dismissed notwithstanding that a question of fact existed as to defendant’s guilt, the order of reversal *437 should be reversed, the complaint reinstated, and a new trial ordered (Cohen and Karger, Powers of the New York Court of Appeals, p. 752; People v. 25 Stations, supra; People v. Bellows, supra; People v. Scheinman, supra; People v. Rudolph, supra).