Wiuliam J. Crangle, J.
On April 30, 1962 plaintiff acquired and properly filed a retail installment contract on a house trailer. This contract provided security for moneys advanced for the purchase price of the trailer. Apparently there is no dispute that the trailer was sold for use as a home by the purchasers. The same trailer was mortgaged to defendant by a subsequent purchaser in February, 1966 at which time defendant perfected its security interest by filing a financing statement pursuant to the Uniform Commercial Code. Plaintiff’s original filing had expired in May of 1965 and the filing was not renewed. Defendant has possession of the trailer under its chattel mortgage and plaintiff sues for damages alleging conversion of its security.
Defendant moves for summary judgment upon the ground that it has prior .right to possession of the trailer by reason of its superior security instrument. Plaintiff cross-moves for summary judgment. If filing of a financing statement was required to protect plaintiff’s security interest in the property, defendant’s perfected security instrument would take priority and defendant would be entitled to judgment. (Uniform Commercial Code, § 9-312, subd. [5].) Thus it is important to determine if plaintiff was required to refile pursuant to the terms of the Uniform Commercial Code.
The Uniform Commercial Code became effective on September 27, 1964 and is controlling as to the perfection of security interests such as those claimed by the parties herein. It requires that a financing statement must be filed to perfect all security interests except, among others not pertinent here, a purchase-money security interest in consumer goods. (Uniform Commercial Code, § 9-302, subd. [1], par. [d].)
While it might be said that a house trailer, such as the one here bought to be used as a home, falls within this exception *240 since it was “used or bought for use primarily for personal, family or household purposes ” as the term consumer goods is defined by the statute (Uniform Commercial Code, § 9-109) a further exception to section 9-302 (subd. [1], par. [d]) of the Uniform Commercial Code requires filing with respect to motor vehicles required to be licensed or registered in this State regardless of whether they are consumer goods.
Thus the question arises: Is a house trailer a motor vehicle within the meaning of the Uniform Commercial Code! I believe that it is:
The plaintiff’s contract was drawn in 1962. A substantial portion of the Personal Property Law was repealed with the enactment of the Uniform Commercial Code which became effective September 27, 1964. Article 9 of the Personal Property Law was however not repealed and continues in effect. It provides requirements for retail installment contracts pertaining to motor vehicles. It operates contemporaneously with and in conjunction with the Uniform Commercial Code and together they give comprehensive regulations as to the creation and filing of this type of security instrument. Article 9 of the Personal Property Law contains a definition of motor vehicle in section 301 thereof which says “1. ‘ Motor vehicle ’ or ‘ vehicle ’ means any device propelled or drawn by any power other than muscular power, upon or by which any person or property is or may be transported or drawn upon a public highway, road or street. ’ ’ The Uniform Commercial Code does not define motor vehicle but the legislative intent in the use of these words can be perceived when the two statutes are read together. The use of the word “or” between “motor vehicle ” and ‘ ‘ vehicle ’ ’ relates the entire definition to both of these words.
A house trailer will then clearly fall within this definition in connection with security transactions. This position is reinforced by reference to subdivision 8 of section 401 of the Vehicle and Traffic Law, which provides for the registration of a trailer operated on the highway and for a permit if it is to be moved on the highway from one site to another.
It is true that the Vehicle and Traffic Law distinguishes a motor vehicle from a trailer. However, it was obviously necessary for the Legislature, for the special and detailed purposes of the Vehicle and Traffic Law, to distinguish between these two types of vehicles as well as many other vehicles. It, would be difficult to set forth safety regulations, equipment specifications and registration and fee regulations, for instance, without classifying all of the various kinds of vehicles in use upon the highway. These detailed definitions, however, are not *241 inconsistent with the nse of the more comprehensive term, “ motor vehicle ”, to include all of these in an unrelated statute accompanied by a definition clearly importing the inclusion of vehicles which are generally the subject of security transactions and for which registration or licensing is required for operating upon the public highway.
Although there appears to be no reported opinion of a New York court upon the subject, two recent decisions by Hon. John Ryan, Referee in Bankruptcy, United States District Court for the Northern District of New York, have held that a house trailer is a motor vehicle within the meaning of the Uniform Commercial Code. (Matter of Vinar sky 66-BK-139; Matter of Sprague 65-BK-2202.)
I am of the opinion that the Legislature intended to require filing to perfect a security interest in a house trailer sold for use as a home. Since plaintiff’s filing was not renewed, defendant has rightful possession of the trailer under its properly perfected security interest.
No allegation appears in the pleadings with respect to the contents of the trailer and, therefore, they cannot properly be considered in this action.
Defendant’s motion for summary judgment is granted.