**In re James W. BROWN, Gloria J. Brown, Debtors.**

**Michael L. SUPNIK, Trustee, Plaintiff,**

**v.**

**KEY BANK OF CENTRAL NEW YORK, Defendant.**

**Bankruptcy No. 84–00379.**
**Adv. No. 84–0097.**

United States Bankruptcy Court,
N.D. New York.

Jan. 21, 1985.

Michael L. Supnik, Syracuse, N.Y., for plaintiff.

Hiscock & Barclay, Syracuse, N.Y., for defendant; J. Eric Charlton, Syracuse, of counsel.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

LEON J. MARKETOS, Bankruptcy Judge.

This is an action commenced by the Trustee pursuant to § 544, Title 11, U.S.C. (hereinafter, the Code), to avoid a security interest in a mobile home claimed by the defendant, Key Bank of Central New York (hereinafter, the Bank).

The stipulated facts are as follows: On August 6, 1982, James W. and Gloria J. Brown, (hereinafter, the Debtors) entered into a retail installment contract (hereinafter, the Contract) with the Bank whereby the latter financed the purchase of a 1982 Astro Liberation 70' × 144', Series No. AP2237 mobile home (hereinafter, Home). In exchange for said loan, the Debtors executed a security interest in the Home on behalf of the Bank. The Debtors have resided in the Home since its purchase. The Bank has never filed a financing statement with regard to this transaction. Thereafter, the Debtors defaulted on the payments due under the Contract.

On May 2, 1984, the Debtors filed a petition for relief from their creditors pursuant to Chapter 7 of the Code. Subsequent thereto, the Trustee commenced the instant lien avoidance action.

The question presented is whether the Bank holds a perfected purchase money security interest in the Home which would be superior to the Trustee's "strong arm powers" under Code § 544.

The Trustee argues the Bank's security interest is unperfected as the Home is not a "consumer good" within the purview of 62½ N.Y.U.C.C. § 9–109(1) (McKinney 1964). The Trustee agrees with the Bank that it possesses a purchase money security interest as that term is defined at 62½ N.Y.U.C.C. § 9–107(a) (McKinney 1964). However, the Trustee asserts the Bank's purchase money interest is unperfected under 62½ N.Y.U.C.C. § 9–302(1)(d) (McKinney 1977) as the Home does not constitute a "consumer good" as defined under § 9–109(1). Therefore, as the Bank has never filed a financing statement, Trustee claims the Bank holds only an unperfected security interest in the Home.

In support of his position, the Trustee refers to the Official Comment # 2 under § 9–109 which provides that each classification of goods is mutually exclusive, so that, for example, the same property cannot at the same time be both inventory and equipment. Trustee states that although the classification of real property is not included in § 9–109, the Home constitutes real property and, therefore, it cannot at the same time constitute a "consumer good". In addition, Trustee points to the fact the Home has been claimed by the Debtors as their exempt homestead pursuant to N.Y. CPLR § 5206(a) (McKinney 1980). Trustee argues the Home cannot be eligible for a homestead exemption and simultaneously constitute a consumer good. Finally, Trustee contends that as the intent of the Debtors is also pertinent with regard to a classification under § 9–109, the Debtors have lived in the Home since its purchase. Trustee asserts this fact lends further support to his position that the Home is real property and thus, not a "consumer good".

Trustee argues that as U.C.C. § 9–302(1)(d) requires a financing statement to be filed to perfect a purchase money interest held in non-consumer goods, Bank's failure to so file makes its purchase money interest unperfected. Thus, the Court should find in favor of the Trustee pursuant to his strong arm powers under Code § 544.

The Bank argues its purchase money security interest is perfected and thus, it has priority over the Trustee's strong arm powers. The Bank's position can be summarized as follows: First, the Bank asserts the Home constitutes personal property rather than real property and thus, the Bank's security interest in the Home is

covered by the provisions of the N.Y.U.C.C. pursuant to § 9–102.

Second, the Home must be classified as a "consumer good" under N.Y.U.C.C. § 9–109(1). Bank contends that as this section provides consumer goods are those used or bought for personal or household purposes, it is clear the Home constitutes a "consumer good".

Third, Bank contends its security interest is perfected pursuant to U.C.C. § 9–302(1)(d). Under this section, the Bank avers, a consumer good is automatically perfected with the exclusion of fixtures and motor vehicles which are not perfected under the N.Y. Vehicle and Traffic Law (hereinafter, V&T Law). Therefore, Bank argues that even if the Home is determined to be a "motor vehicle", the Bank's interest is still perfected as its security interest in the Home is not required to be perfected under the terms of the V&T Law. Bank refers to 62A N.Y. V&T Law § 2102(b) (McKinney 1972) which it argues provides a mobile home exemption from any registration and lien perfection requirements under the V&T Law. Therefore, it is Bank's position that although the "Home" may constitute a "motor vehicle" as described in § 9–302(1)(d), the express mobile home exclusion as set forth at § 2102(b) of the V&T Law establishes the filing of a lien on the certificate of title is not needed in order to perfect its security interest in the Home. Therefore, the Bank's purchase money security interest is automatically perfected under U.C.C. 9–302(1)(d), even though no financing statement was ever filed. Thus, the Bank's security interest should be accorded priority over the Trustee.

## DISCUSSION

■ At the inception, the Court holds the Home constitutes personal property which is, therefore, covered by the N.Y.U.C.C. pursuant to § 9–102(1)(a) (McKinney 1977). Both parties apparently admit the U.C.C. covers the instant transaction so the Court will dwell no further on this.

■ Second, the Court holds, contrary to the position of the Trustee, that the Home constitutes a "consumer good" within the definition set forth in N.Y.U.C.C. § 9–109(1). Section 9–109 classifies goods, i.e., the personal property covered by the U.C.C., in four distinct categories: 1) consumer goods; 2) equipment; 3) farm products; and 4) inventory. In review of the definitions of each classification, it is clear the Home constitutes a "consumer good" under U.C.C. 9–109(1). *In re Vinarsky*, 287 F.Supp. 446 (N.D.N.Y.1968) suggests a mobile home would be included within the broad definition of "consumer goods" under § 9–109(1). The Court stated "the legislative definition of 'consumer goods' in the Code [U.C.C.] has as wide a scope as words of description permit, and may reasonably include any chattel regardless of size ..." *Id.* at 448. Other cases holding a mobile home constitutes a "consumer good" are *Albany Discount Corp. v. Mohawk Nat. Bank of Schenectady*, 54 Misc.2d 238, 240, 282 N.Y.S.2d 401 (1967); *In re Williams*, 10 U.C.C.Rep.Serv. 277, 281 (D.Me.1971); *In re Sewell*, 32 B.R. 116, 120 (Bankr.N.D.Ala.1983).

Therefore, the Court finds the Home is a "consumer good" under the N.Y.U.C.C. However, although the Trustee, ostensibly, places his entire emphasis on this question, such determination does not resolve the instant question. Consequently, the Court will inquire further to determine whether the Bank's interest is perfected.

Since the Court determines the Home is collateral covered by the U.C.C. and that it constitutes a "consumer good" under § 9–109(1), it will turn to the U.C.C. perfection sections to ascertain the instant question. 62½ N.Y.U.C.C. § 9–302(1)(d) (McKinney 1977) pertinently provides as follows:

(1) A financing statement must be filed to perfect all security interests except the following

\* \* \* \* \* \*

(d) a purchase money security interest in consumer goods; but filing is required to perfect such a security interest in a *motor vehicle* required to be licensed or registered in this state *unless* it is per-

fected in accordance with article forty-six of the vehicle and traffic law; ... (emphasis added).

Pursuant to this section, if the Home is not a motor vehicle, the Bank's purchase money interest in the Home is perfected. Although there is no definition of a "motor vehicle" set forth in the U.C.C., case law establishes the term "motor vehicle" as used in § 9–302 is to be accorded broad treatment. In the *Vinarsky* case *supra,* the Court was faced with the issue of whether a mobile home was a "motor vehicle" under § 9–302. The Court held it was a motor vehicle subject specifically to filing to perfect the security interest. *Id.* at 448; *In re Sewell, supra* at 123. Therefore, a financing statement was required to be filed for perfection of the mobile home in that case.

Under § 125 of the N.Y. V&T Law, "motor vehicle" is defined as "Every vehicle, ... operated or driven upon a public highway by any power other than muscular power ...". Under this broad definition, it would appear the Home is covered by the V&T Law. However, Bank points to a 1972 amendment to the V&T Law which sets forth specific exclusions for certain motor vehicles. Section 2102(b) provides as follows:

In addition to vehicles excluded in subdivision (a) of this section, a mobile home shall also be excluded from the provisions of *this title.* A mobile home for purposes of this title means a transportable structure designed to be used for permanent residential occupancy, and which is not ordinarily registered as a trailer nor ordinarily towed along a highway." (Emphasis added).

The Court has failed to uncover any pertinent case law to aid in its interpretation of § 2102(b) of the V&T Law. In review of § 2102(b), the Court finds this provision excludes mobile homes from the application of only Title X, the Uniform Vehicle Certification of Title Act, and not the other provisions encompassed under the V&T Law, such as registration requirements set forth at Title IV, Article 14. Consequently, although § 2102(b) excludes mobile homes from titling or licensing requirements under Title X, it does not exclude mobile homes from registration requirements set forth under Title IV.

Therefore, as U.C.C. § 9–302(1)(d) requires filing to perfect a security interest in a "motor vehicle required to be licensed or *registered* in this state" (emphasis added), the Bank's purchase money security interest in the Home, which is a motor vehicle subject to registration requirements in this state, is unperfected. Accordingly, the Bank's unperfected security interest is subordinate to the Trustee's strong arm powers under § 544 of the Code.

Although the parties did not address the point, the Court notes that if the stipulated facts in this case were more detailed, the Trustee may have had an alternative argument on which to prevail over the Bank's security interest. The Trustee might have pursued an argument that the Home constitutes a "fixture" attached to real property which requires filing for perfection in accordance with N.Y. U.C.C. § 9–302(d) and the special requirements for a "fixture filing" pursuant to 62½ N.Y.U.C.C. § 9–402(5) (McKinney 1977).

The facts present indicate the Debtors have lived in the Home since its purchase. In addition, the Debtors' schedules indicate they own the real property on which the Home is located. It is unclear whether the Home is actually affixed to the realty and how long the Home has been located thereon. However, if the Home is considered to have ceased to be personalty and to have become a "fixture", the Bank would possess an unperfected security interest as it was required to make a fixture filing to perfect its interest. U.C.C. § 9–302(d).

In the case of *Matter of Fink,* 4 B.R. 741 (Bankr.W.D.N.Y.1980), a mobile home was determined to have become a fixture attached to real property. *Id.* at 744. In that case, the court made extensive and detailed factual findings which demonstrated the mobile home had become part of the

realty. Therefore, that court held the creditor's security interest was unperfected as it filed a security interest for goods rather than a fixture. In the present case, the facts stipulated to by the parties are sparse and undeveloped. Therefore, they are insufficient to make a determination as to whether the Home constitutes a "fixture" as defined under U.C.C. § 9–313(1)(a).

Based on the foregoing, the Trustee's motion to avoid the Bank's purchase money security interest must be, and the same is, hereby granted as the Bank holds an unperfected security interest in the Home.

IT IS SO ORDERED.