[891 NYS2d 221]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. CONDON, Appellant.

Supreme Court, Appellate Term, Second Department, October 22, 2009

## APPEARANCES OF COUNSEL

*James J. Condon*, appellant pro se. *Stecich Murphy & Lammers, LLP*, Tarrytown (*Brian D. Murphy* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

Ordered that the judgment of conviction is affirmed.

Defendant was charged with violating Vehicle and Traffic Law § 376 (1) (a), in that he was driving a Ford pickup truck, which was towing a "wood chipper" that had no brake lights, on Broadway in Hastings-on-Hudson on November 6, 2007 at 5:09 P.M. Vehicle and Traffic Law § 376 (1) (a) provides that it is unlawful to drive a "vehicle" on any public highway or street at any time during the day or night unless such vehicle is equipped with signaling devices in good working condition. The Vehicle and Traffic Law defines a "vehicle" as "[e]very device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices moved by human power or used exclusively upon stationary rails or tracks" (Vehicle and Traffic Law § 159). Both at trial and on appeal, defendant raises the legal defense that he was not required to have brake lights on the wood chipper since it should not be considered a "vehicle" within the meaning of section 159 of the Vehicle and Traffic Law.

Upon the record before us, which includes a videotape depicting defendant's wood chipper, we find no basis to disturb the express determination of the Justice Court that the wood chipper is "clearly capable of transporting property on a street or highway" (*see generally People v Guilianti*, 10 NY2d 433 [1962]). Since defendant's wood chipper had that capability, it came within the definition of a "vehicle" set forth in the statute (Vehicle and Traffic Law § 159).

Accordingly, the judgment of conviction is affirmed.

NICOLAI, P.J., TANENBAUM and MOLIA, JJ., concur.